IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MCINTYRE,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD WILSON; LAKE COUNTY SHERIFF'S DEPARTMENT; CHUCK WILSON; FRANCES WILSON; and DOES 1-5,<br><br>    Defendants.<br>_____/ | No. C 12-3023 CW<br><br>ORDER REGARDING PLAINTIFF'S RESPONSE TO MOTIONS TO DISMISS, VACATING HEARING AND CASE MANAGEMENT CONFERENCE, ADDRESSING SERVICE OF PROCESS AND ORDERING PLAINTIFF TO SHOW CAUSE WHY HIS CLAIMS AGAINST DEFENDANT CHUCK WILSON SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915(e)(2)(B) |

    On June 12, 2012, <u>Pro se</u> Plaintiff Lynn McIntyre filed the instant case against Defendants Lake County Sheriff's Department, Richard Wilson, Frances Wilson and Chuck Wilson.  Compl., Docket No. 1.

    On August 14, 2012, Lake County Sheriff's Department filed a motion to dismiss the claims asserted against it.  Docket No. 21.[1]  On August 15, 2012, Richard and Frances Wilson also filed a motion to dismiss the claims asserted against them.  Docket No. 22.  Both motions were served upon Plaintiff by mailing.

    Civil Local Rule 7-3(a) provides that any opposition to a motion must be filed within fourteen days after the motion was

---

[1] This motion was originally filed on behalf of Lake County Sheriff's Department and Richard Wilson.  It was later withdrawn as to Richard Wilson only.  Docket No. 26.

filed if the motion was filed and served through the Court's Electronic Case Filing (ECF) system, or within seventeen days after the motion was filed if the motion was served through other means, including by mailing it to the person's last known address. Because the motions to dismiss were served by mailing, Plaintiff's responses to the motions were due by August 31, 2012 and September 1, 2012, respectively. However, because September 1, 2012 was a Saturday and the following Monday was a court holiday, the time for Plaintiff to file his opposition to the second motion to dismiss was extended to Tuesday, September 4, 2012, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C).

Plaintiff has not yet filed a response to either motion to dismiss. The Court grants Plaintiff until one week from the date of this Order to do so. Plaintiff's failure to file responses in compliance with this Order will result in the dismissal of his claims against Lake County Sheriff's Department and Richard and Frances Wilson for failure to prosecute. The motions to dismiss will be decided on the papers. The hearing and case management conference currently set for October 4, 2012 at 2:00 p.m. are hereby vacated.

The Court notes that the remaining Defendant, Chuck Wilson, has not yet been served. After the Court granted Plaintiff's motion for leave to proceed in forma pauperis (IFP), the Clerk requested that Plaintiff provide Defendants' addresses so that a United States marshal could effectuate service. Docket No. 8. On July 17, 2012, Plaintiff responded, stating that Chuck Wilson's mailing address was P.O. Box 1124, Lower Lake, CA 95457 and that his business address was 16180 Jessie Street, Lower Lake, CA

2

95457.  Docket No. 14.  Plaintiff provided the same two addresses for Frances Wilson.  Id.  On July 27, 2012, a United States marshal served Richard and Frances Wilson at Wilson Storage at the Jessie Street address.  Docket Nos. 19 and 20.  At that time, Richard Wilson, whom Plaintiff alleges is the owner of Wilson Storage, see Compl. 2, 9, 11, informed the marshal that he did not know who Chuck Wilson is but accepted service on behalf of himself and his wife, Frances Wilson, Docket Nos. 19 and 20.  The Court also notes that, although Plaintiff has included Chuck Wilson's name in the caption of the complaint, he has not made any allegations directed toward this Defendant in the complaint or identified his connection to the events alleged therein.  Further, it appears that Plaintiff may have intended to identify Chuck Wilson as a pseudonym for Richard or Frances Wilson.

Pursuant to Federal Rule of Civil Procedure 4(m), Chuck Wilson must be served by October 10, 2012, which is 120 days after the complaint was filed.  Within fourteen days of the date of this Order, Plaintiff shall notify the Court whether he intended to identify Chuck Wilson as a separate Defendant or as an alternative name for either Richard or Frances Wilson, and if Plaintiff intended to name Chuck Wilson as a separate Defendant, Plaintiff must provide an alternative address for service upon this Defendant.  Failure to file a notice in response to this Order will result in dismissal of Plaintiff's claims against this Defendant for failure to prosecute.

Finally, under the IFP statute, a court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or

3

1  malicious; (ii) fails to state a claim on which relief may be
2  granted; or (iii) seeks monetary relief against a defendant who is
3  immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).
4  Because Plaintiff has not included in his complaint any
5  allegations directed toward Chuck Wilson, it appears that
6  Plaintiff has failed to state a claim upon which relief may be
7  granted against him.  Accordingly, Plaintiff is ordered within
8  fourteen days to show cause why his claims against Chuck Wilson
9  should not be dismissed for this reason.
10     IT IS SO ORDERED.

12  Dated: 9/11/2012

```
                                    CLAUDIA WILKEN
                                    United States District Judge
```