IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MCINTYRE,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD WILSON; LAKE COUNTY SHERIFF'S DEPARTMENT; CHUCK WILSON; FRANCES WILSON; and DOES 1-5,<br><br>    Defendants.<br>_____/ | No. C 12-3023 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME (Docket No. 32), VACATING THE SEPTEMBER 24, 2012 ORDER AND EXTENDING THE DEADLINES FOR PLAINTIFF TO COMPLY WITH THE COURT'S SEPTEMBER 11, 2012 ORDER |

Pro se Plaintiff Lynn McIntyre moves for additional time in which to respond to the motions to dismiss filed by Moving Defendants Lake County Sheriff's Department and Richard and Frances Wilson.  Docket No. 32.  Having considered the papers filed by Plaintiff, the Court GRANTS his motion, VACATES the September 24, 2012 Order dismissing his claims against the Moving Defendants and EXTENDS the deadlines for him to comply with the Court's September 11, 2012 Order.

BACKGROUND

On August 14 and 15, 2012, Moving Defendants filed two motions to dismiss Plaintiff's claims against them.  Docket Nos. 21, 22.

On September 11, 2012, the Court noted that Plaintiff had not filed oppositions to the motions to dismiss by September 4, 2012, the deadline set forth in Civil Local Rule 7-3(a).  Docket No. 28. The Court allowed Plaintiff until September 18, 2012 to file oppositions and warned him that failure to file oppositions by

that date would result in the dismissal of his claims against the Moving Defendants for failure to prosecute. At that time, the Court also directed Plaintiff to notify the Court whether he intended to identify Chuck Wilson as a separate Defendant or as an alternative name for either Richard or Frances Wilson, to provide an alternative address for service upon Chuck Wilson and warned Plaintiff that failure to do so would result in dismissal of his claims against this Defendant for failure to prosecute. Finally, the Court ordered Plaintiff to show cause why his claims against Chuck Wilson should not be dismissed for failure to state a claim upon which relief can be granted, pursuant to the statute governing in forma pauperis cases, 28 U.S.C. § 1915(e)(2)(B). The Clerk served Plaintiff with a copy of the September 11, 2012 Order by mailing it to him at the address he provided at the time he initiated this action, Box 1175, Lower Lake, CA 95457. Docket Nos. 1, 29.

    On September 24, 2012, having not received oppositions by Plaintiff, the Court dismissed his claims against the Moving Defendants for failure to prosecute. Docket No. 30. The Clerk served Plaintiff with a copy of this Order at the same address. Docket No. 30-1.

    On September 26, 2012, the Court received a document entitled "Opposition to Motion to Dismiss" from Plaintiff. Docket No. 31. Although the accompanying certificate of service attested that the document had been served by mail on September 20, 2012, Plaintiff's signature on the document is dated September 23, 2012 and the envelope in which he mailed it shows that the postage was paid on September 25, 2012. Docket No. 31-1. It is not clear

2

whether Plaintiff intended this document as a response to one or both of the motions to dismiss.

On October 10, 2012, the Court received a motion for extension of time to file an opposition from Plaintiff.  Docket No. 32.  Plaintiff's address was listed as Box 1175, Lower Lake, CA 95457 on his motion and accompanying envelope.  In this document, Plaintiff seeks an extension of thirty days beyond September 18, 2012 to file his oppositions to the motions to dismiss.  Plaintiff represents that he "did not receive any Court order from this court to complete opposition's legal pleadings in this case," and that, if he had received such an order, he would have requested an extension of time to prepare his responses.

## DISCUSSION

Because Plaintiff is proceeding pro se and appears to represent that he did not receive the September 11, 2012 Order, the Court GRANTS his request for an extension of time to respond to the motions to dismiss.  The Court notes that, regardless of whether he received the September 11, 2012 Order, Plaintiff did not meet the deadline set forth in the Civil Local Rules and did not file a motion for an extension of time before that deadline.  Plaintiff is reminded of his obligation to comply with the procedures set forth in Civil Local Rules and the Federal Rules of Civil Procedure, which are available on the Court's website at http://www.cand.uscourts.gov/rules.  Plaintiff must file any further motions to extend time in this case prior to the deadline that he seeks to extend and must comply with Civil Local Rules 6-1 through 6-3.

The Court also extends the other deadlines set forth in the September 11, 2012 Order, as set forth below.

CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for an extension of time (Docket No. 32) and directs the Clerk to serve Plaintiff with a second copy of the September 11, 2012 Order. The Court further ORDERS as follows:

1. The Court's September 24, 2012 Order dismissing Plaintiff's claims against the Moving Defendants is VACATED (Docket No. 30).

2. Plaintiff must file a single further opposition to both motions to dismiss, of twenty pages or less, by Thursday, November 1, 2012. Plaintiff's failure to do so will result in the dismissal of his claims against the Moving Defendants for failure to prosecute.

3. As stated in the September 11, 2012 Order, Plaintiff must notify the Court whether he intended to identify Chuck Wilson as a separate Defendant or as an alternative name for either Richard or Frances Wilson, and if Plaintiff intended to name Chuck Wilson as a separate Defendant, Plaintiff must provide an alternative address for service upon this Defendant. The deadline for Plaintiff to provide this information is extended to Thursday, November 1, 2012. Failure to do so will result in dismissal of Plaintiff's claims against this Defendant for failure to prosecute.

4. As stated in the September 11, 2012 Order, Plaintiff must show cause why his claims against Chuck Wilson should not be dismissed for failure to state a claim upon which relief may be

4

granted against him, because Plaintiff has not included in his complaint any allegations directed toward this Defendant. The deadline for Plaintiff to do so is extended to Thursday, November 1, 2012.

    5.   Moving Defendants may file replies in support of their motions to dismiss by Thursday, November 8, 2012.

    IT IS SO ORDERED.

Dated: 10/16/2012

CLAUDIA WILKEN
United States District Judge