IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LYNN MCINTYRE,

      Plaintiff,

    v.

RICHARD WILSON; LAKE COUNTY
SHERIFF'S DEPARTMENT; CHUCK
WILSON; FRANCES WILSON; and DOES
1-5,

      Defendants.

_____/

No. C 12-3023 CW

ORDER DISMISSING
CASE FOR FAILURE
TO PROSECUTE AND
GRANTING MOTIONS
TO DISMISS (Docket
Nos. 21, 22)

    The Court DISMISSES pro se Plaintiff Lynn McIntyre's complaint in its entirety for failure to prosecute.  The Court also GRANTS the motions to dismiss filed by Moving Defendants Lake County Sheriff's Department, Richard Wilson and Frances Wilson.

BACKGROUND

    On June 12, 2012, pro se Plaintiff Lynn McIntyre filed the complaint in the instant case against Defendants Lake County Sheriff's Department, Richard Wilson, Frances Wilson and Chuck Wilson.  Compl., Docket No. 1.

    The following allegations are made in Plaintiff's complaint: Richard Wilson signed a contract to rent Plaintiff a garage at Wilson Storage, 16180 Jessie Street in Lower Lake, California from October 1, 2011 through November 15, 2011.  Compl. 9, 11.  On or about November 1, 2011, Wilson "came onto Private Property," apparently the garage that Plaintiff was renting.  Id.  Wilson told Plaintiff that "he had false Identification" and was "under investigation."  Id. at 9.  Wilson returned later with two Lake

County Sheriff's Deputies, who knocked on the garage door and announced their presence.  Id.  A deputy said to "break it open." Id.  One of the deputies "unholstered his Pistol" and pointed "it at Plaintiff in a rude and threatening manner and not in self defense."  Id. at 9, 11.  The deputy demanded Plaintiff's identification and "ran a check on plaintiff."  Id. at 9.  He then "turned" and "ran for his patrol car."  Id.  Wilson later returned and told plaintiff "that there are no restricted hours for any of the customers," but that he wanted Plaintiff "out of here."  Id. Wilson accused Plaintiff of having "a false job, false identification," "modifying the property," and being violent and a nuisance.  Id.  He also said that "three ladies" had called him and said that "you are sleeping here."  Id.  The Lake County Sheriff's Department refused to allow Plaintiff to file an internal affairs investigation against the deputy who pointed the gun at him.  Id.

In the complaint, Plaintiff does not make clear what claims he asserts based on these allegations.  In the section of his complaint related to jurisdiction, Plaintiff lists the following: 42 U.S.C. § 1983; 42 U.S.C. § 1985; Cal. Bus. & Prof. Code § 17206.1; Cal. Bus. & Prof. Code § 17200-17210; 18 U.S.C. § 1001; deprivation of procedural due process in violation of the 14th Amendment of U.S. Constitution and Art. I, Sec. 7(a) of the California Constitution; and slander.  Id. at 1.  As the nature of his case, Plaintiff states "illegal search, lib[el], break and entry[,] due process of law."  Id. at 3.  Under the section entitled "Cause of Action," he asserts a single count of "Improper Entry/Ilegal [sic] Search" with the following supporting facts:

United States District Court
For the Northern District of California

"unfairly singling Hispanic residents on social security.  The
Plaintiff face unannounced visits from 'Dick Wilson' and from
Sheriff's deputies, as well as aggressive surveillance from Wilson
and his cohorts.  Wilson denounced Plaintiff as 'welfare leach,
lier, and your name is false.'"  Id. at 4.  Plaintiff also
attached a "Civil Rights Complaint Form" from the United States
Attorney's Office for the Southern District of New York; on this
form, in the section to describe the "nature of alleged civil
rights violation," Plaintiff checked boxes for "Disability
Rights," "Fair Housing," "Law Enforcement Conduct" and "Other,"
next to which he wrote "under color of law."  Id. at 6.

On August 14 and 15, 2012, Moving Defendants filed two
motions to dismiss Plaintiff's claims against them.  Docket Nos.
21, 22.  In their motions, Moving Defendants address each of the
discernible claims that Plaintiff may have been attempting to
assert in his complaint.

On September 11, 2012, the Court noted that Plaintiff had not
filed oppositions to the motions to dismiss by September 4, 2012,
the deadline set forth in Civil Local Rule 7-3(a).  Docket No. 28.
The Court allowed Plaintiff until September 18, 2012 to file
oppositions and warned him that failure to file oppositions by
that date would result in the dismissal of his claims against the
Moving Defendants for failure to prosecute.  At that time, the
Court also directed Plaintiff to notify the Court whether he
intended to identify Chuck Wilson as a separate Defendant or as an
alternative name for either Richard or Frances Wilson and to
provide an alternative address for service upon Chuck Wilson, and
warned Plaintiff that failure to do so would result in dismissal

of his claims against this Defendant for failure to prosecute. Finally, the Court ordered Plaintiff to show cause why his claims against Chuck Wilson should not be dismissed for failure to state a claim upon which relief can be granted, pursuant to the statute governing in forma pauperis cases, 28 U.S.C. § 1915(e)(2)(B).  The Clerk served Plaintiff with a copy of the September 11, 2012 Order by mailing it to him at the address he provided at the time he initiated this action, Box 1175, Lower Lake, CA 95457.  Docket Nos. 1, 29.

On September 24, 2012, having not received oppositions by Plaintiff, the Court dismissed for failure to prosecute his claims against the Moving Defendants.  Docket No. 30.  The Clerk served Plaintiff with a copy of this Order at the same address.  Docket No. 30-1.

On September 26, 2012, the Court received a document entitled "Opposition to Motion to Dismiss" from Plaintiff.  Docket No. 31. Although the accompanying certificate of service attested that the document had been served by mail on September 20, 2012, Plaintiff's signature on the document was dated September 23, 2012 and the envelope in which he mailed it showed that the postage was paid on September 25, 2012.  Docket No. 31-1.  It was not clear whether Plaintiff intended this document as a response to one or both of the motions to dismiss.

On October 10, 2012, the Court received a motion for extension of time to file an opposition from Plaintiff.  Docket No. 32.  Plaintiff's address was listed as Box 1175, Lower Lake, CA 95457 on his motion and accompanying envelope.  In this document, Plaintiff sought an extension of thirty days beyond

September 18, 2012 to file his oppositions to the motions to dismiss. Plaintiff represents that he "did not receive any Court order from this court to complete opposition's legal pleadings in this case," and that, if he had received such an order, he would have requested an extension of time to prepare his responses.

On October 16, 2012, the Court granted Plaintiff's request for an extension of time to respond to the motions to dismiss because he was proceeding pro se and had suggested that he did not receive the September 11, 2012 Order. The Court warned Plaintiff that, although he was acting pro se, he is required to adhere to deadlines and that, if he is unable to meet deadlines, he must file motions to extend time prior to the expiration of the deadline. The Court also vacated the September 24, 2012 Order and extended the other deadlines set forth in the September 11, 2012 Order. The Court ordered Plaintiff to file a single further opposition to both motions to dismiss by Thursday, November 1, 2012 and warned him that failure to do so would result in the dismissal of his claims against the Moving Defendants for failure to prosecute. The Court also set November 1, 2012 as the deadline for Plaintiff to clarify whether he intended to identify Chuck Wilson as a separate Defendant or as an alternative name for either Richard or Frances Wilson and, if the former, to provide an alternative address for service upon this Defendant; the Court warned Plaintiff that failure to do so would result in dismissal of his claims against this Defendant for failure to prosecute. Finally, the Court extended to November 1, 2012, the deadline for Plaintiff to show cause why his claims against Chuck Wilson should not be dismissed for failure to state a claim upon which relief

may be granted against him, because Plaintiff has not included in

his complaint any allegations directed toward this Defendant.

Since the Court issued the October 16, 2012 Order, Plaintiff

has not filed any documents in this action.

DISCUSSION

As of the date of this Order, Plaintiff has not filed any of

the documents that the Court directed him to file in the October

16, 2012 Order.  Thus, the Court considers whether to dismiss

Plaintiff's claims for failure to prosecute.  Although the public

policy favoring the resolution of cases on their merits weighs

against dismissal of Plaintiff's claims for failure to prosecute,

the public interest in the expeditious resolution of litigation,

the Court's need to manage its docket and the lack of lesser

available sanctions weigh heavily in favor of dismissal.  The

Court has repeatedly warned Plaintiff that his claims would be

dismissed for failure to prosecute if he continued to miss

deadlines in this case, yet Plaintiff has persisted in doing so.

Further, monetary sanctions would be both inappropriate and

ineffective because they would not remedy Plaintiff's delay and

because he is proceeding in forma pauperis, making it unlikely

that he has any funds to satisfy such a sanction.  Accordingly,

the Court DISMISSES Plaintiff's claims for failure to prosecute.

In addition, the Court grants Moving Defendants' motions to

dismiss (Docket Nos. 21 and 22).  In the document received on

September 26, 2012, Plaintiff appears primarily to repeat the

allegations of the complaint and to argue that dismissal of his

claims is premature prior to the completion of discovery, namely

until he has been provided access to a purported video of the

6

incident.  However, the Court is unable to discern any potentially meritorious responses to the arguments put forward in Moving Defendants' motions.  For example, Plaintiff does not appear to respond to Moving Defendants' arguments that he failed to make any allegations against Frances Wilson, did not allege that Richard Wilson acted under color of law, did not plead facts sufficient to allege that he had a reasonable expectation of privacy in the storage room, made only conclusory statements that Richard Wilson entered into a conspiracy with the sheriff's deputies, does not have standing to sue for a violation of 18 U.S.C. § 1001, did not plead membership in any protected class or any intentional discrimination by a state actor, and did not allege any basis for liability against Lake County Sheriff's Department under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

CONCLUSION

For the reasons set forth above, the Court GRANTS Moving Defendants' motions to dismiss (Docket Nos. 21, 22) and DISMISSES Plaintiff's claims as to all Defendants for failure to prosecute.

The Clerk shall enter judgment and close the file.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 11/20/2012

                                    CLAUDIA WILKEN
                                    United States District Judge

United States District Court
For the Northern District of California